# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARWAN WILLIAMS,

    *Plaintiff,*

v.

DIVERSIFIED CONSULTANTS, INC.

    *Defendant.*

Case No. 6:16-cv-01420-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Marwan Williams filed an action against Defendant Diversified Consultants, Inc. ("DCI") in the small claims court of Sedgwick County District Court. DCI subsequently removed the case to this Court, asserting that Williams's claim arises under the Fair Credit Reporting Act ("FCRA") (Doc. 1). DCI then filed a motion to dismiss for failure to state a claim (Doc. 4). However, after reviewing Williams's allegations, the Court finds that it lacks subject-matter jurisdiction to hear this matter. As such, DCI's removal was improper and the Court *sua sponte* remands this case.

### I.    Factual and Procedural Background

On October 18, 2016, Williams filed a pro se complaint in the small claims department of the Sedgwick County District Court. Williams alleged damages of approximately $4,000. The

claim stated "Inability to varify [sic] claim on credit report." DCI removed the action to this Court. In its notice of removal, DCI alleged federal question jurisdiction, citing the FCRA as the governing statute. Thereafter, DCI filed a Rule 12(b)(6) motion to dismiss, arguing that Williams failed to state a claim for relief. Alternatively, DCI filed a Rule 12(e) motion for a more definitive statement. The Court must now decide whether removal was proper, and if so, whether DCI's motions should be granted.

## II. Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by . . . the defendants, to the district court of the United States."[1] "At any time before final judgment, the court must remand a case that appears to have been removed improperly."[2] The Court must determine if it has subject-matter jurisdiction over the case before it considers the validity of DCI's motion to dismiss.[3] If the Court lacks subject-matter jurisdiction, removal is improper, and the Court must remand the case.[4]

For purposes of removal, the Court can have subject-matter jurisdiction either under diversity jurisdiction or federal-question jurisdiction.[5] Diversity jurisdiction requires complete diversity of the parties and an amount-in-controversy exceeding $75,000.[6] Williams filed this

---

[1] 28 U.S.C. § 1441 (2012).

[2] *De Young v. Lorentz*, 887 F. Supp. 254, 257 (D. Kan.), *aff'd*, 69 F.3d 547 (10th Cir. 1995).

[3] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (per curiam).

[4] 28 U.S.C. § 1447(c).

[5] 28 U.S.C. §§ 1331, 1332, 1441.

[6] 28 U.S.C. § 1332(a).

case in small claims court seeking $4,000, so he does not meet the $75,000 amount-in-controversy requirement. As such, the Court lacks diversity jurisdiction over this case and will give no further analysis to that issue.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7] Since Williams is a pro se litigant, the Court will liberally construe his complaint, holding it to lower standards than pleadings by lawyers.[8] "Because jurisdiction is predicated on the existence of a federal question, determining whether the complaint contains a short and plain statement of the grounds for the court's jurisdiction requires an evaluation of the substantive claim."[9] The complaint must allege sufficient facts to show that the case arises under federal law.[10] Furthermore, if the substantive claim "is so insubstantial . . . or otherwise completely devoid of merit as not to involve a federal controversy," it fails to establish the court's jurisdiction.[11]

In its notice of removal, DCI asserts that Williams's cause of action arises under the FCRA. To state an FCRA claim, Williams must allege either willful or negligent noncompliance with FCRA provisions.[12] The FCRA establishes procedural guidelines that govern the resolution

---

[7] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citations omitted).

[9] *Ngiendo v. Sedgwick Claims Mgm't Servs., Inc.*, 2013 WL 5304049, at *2 (D. Kan. Sept. 20, 2013).

[10] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

[11] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

[12] 15 U.S.C. § 1681n (2012).

of disputes concerning the accuracy of consumer reports.[13] The disputant must furnish the credit reporting agency with enough factual information to allow the agency to perform a reinvestigation in the case of a dispute over the verifiability of a consumer report.[14] If the disputant fails to provide sufficient information, rendering an agency reinvestigation untenable, the disputant has no grounds to allege willful or negligent noncompliance with FCRA provisions.

In summary, DCI's removal would only be proper if Williams's complaint alleged facts sufficient to show that a substantive claim arises under the FCRA, and thus presents a federal question to the Court, granting the Court subject-matter jurisdiction over the case.

The Court lacks federal-question jurisdiction over this case. Williams's complaint, even construed liberally, does not state a cause of action arising under the FCRA. The complaint states, in its entirety, "Inability to varify [sic] claim on credit report." It alleges no facts evincing willful or negligent noncompliance with FCRA provisions on the part of DCI. In fact, the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."[15] Furthermore, it is "insubstantial . . . or otherwise completely devoid of merit as not to involve a federal controversy."[16] As a result, Williams has not presented a federal question on the face of his complaint. Therefore, the Court lacks federal-question jurisdiction over this case.

---

[13] 15 U.S.C. § 1681i.

[14] 15 U.S.C. § 1681i(a)(3)(A).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[16] *Steel Co.*, 523 U.S. at 89.

### III. Conclusion

Williams's complaint fails to state a claim under the FCRA. As a result, this case presents no federal question to the Court. Since the Court lacks both diversity jurisdiction and federal-question jurisdiction, DCI's removal of this case was improper due to lack of subject-matter jurisdiction. Therefore, the Court remands the case to state court.

**IT IS THEREFORE ORDERED** that Plaintiff Marwan Williams's claim against Diversified Consultants, Inc. is **REMANDED** to the District Court of Sedgwick County, Kansas.

**IT IS FURTHER ORDERED** that DCI's motion to dismiss (Doc. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that DCI's alternative motion for more definitive statement (Doc. 4) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE.